CERAMICA REGIOMONTANA,
S.A., Plaintiff,

v.

UNITED STATES, et al., Defendants,

Tile Council of America, Inc., Intervenor.

Court No. 82–6–00857.

United States Court of International
Trade.

Dec. 23, 1982.

Stein Shostak Shostak & O'Hara, Washington, D.C. (Irwin P. Altschuler and David R. Amerine, Washington, D.C., of counsel), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Lit. Branch, and A. David Lafer, Washington, D.C., for defendants.

Howrey & Simon, Washington, D.C. (Kevin P. O'Rourke, David C. Murchison and John F. Bruce, Washington, D.C.), for intervenor.

NEWMAN, Judge:

*Introduction*

In this action, plaintiff—a Mexican producer and exporter of ceramic tile—seeks judicial review of the final countervailing duty order of the International Trade Administration ("ITA") of the United States Department of Commerce pursuant to 19 U.S.C. § 1516a(a)(2) (47 FR 20012 (1982).) The intervenor, Tile Council of America, Inc. ("TCA"), was the petitioning party before the ITA (46 FR 53738 (1981)). Presently for resolution by the Court is plaintiff's motion under rule 26(c)(1) of the Rules of the Court of International Trade for a protective order relieving plaintiff from answering certain interrogatories propounded

by intervenor relating to a claim of state secrets privilege asserted by defendants for various documents submitted by the government of Mexico to ITA in connection with ITA's countervailing duty investigation of ceramic tile from Mexico. See *Ceramica Regiomontana, S.A. v. United States, et al., Tile Council of America, Inc., Intervenor*, 4 CIT ——, Slip Op. 82–90 (October 26, 1982). The question is whether the discovery sought by intervenor is permissible.

I have concluded that the intervenor's interrogatories should be answered by plaintiff, and therefore plaintiff's motion for a protective order should be denied.

### Background

On September 28, 1982 defendants moved for a protective order respecting certain classified documents included in the administrative record transmitted to the Court by ITA. These documents were classified by the Commerce Department during the countervailing duty investigation as "confidential" in accordance with Executive Order 12065, dated June 28, 1978. Plaintiff did not respond to defendants' motion, but intervenor opposed the motion for a protective order, arguing *inter alia,* that the state secrets privilege should not be allowed by this Court because information included in the administrative record tended to indicate that plaintiff had obtained access to that information for which the state secrets privilege was being asserted. On the same date that intervenor TCA filed its opposition, TCA also served interrogatories upon plaintiff which sought disclosure from plaintiff of information concerning any access to or input provided by plaintiff to the Mexican Government's submissions, and requested that the Court await responses to the interrogatories before ruling on defendants' motion for a protective order.

By order of this Court dated October 26, 1982, defendants' motion for a protective order was granted. Slip Op. 82–90, *supra.*

Respecting the possible access by plaintiff's counsel to the classified documents and the pending interrogatories related thereto, this Court ruled that the informa-

tion on the record had not established disclosure to plaintiff and that the Government's requested protective order should not be held in abeyance until the interrogatory responses were received. Thus, this Court stated:

> [T]he intervenor's belief that counsel for plaintiff has had access to the expurgated materials has not been established. The intervenor's request, that defendants' motion for a protective order be held in abeyance until "such highly relevant information has been received," is denied. *If it can later be shown that the materials in question have been disclosed to plaintiff, intervenor may at that juncture take appropriate action.* [Emphasis added.]

Rather than answer the interrogatories which sought disclosure of *inter alia* whether "the materials in question have been disclosed to plaintiff," the plaintiff filed on November 16, 1982 the instant motion for a protective order. In due course, defendants filed a memorandum in support of plaintiff's motion.

### Opinion

While in its memorandum and order of October 26, 1982 this Court declined to hold its decision in abeyance affecting defendants' claim of state secrets privilege, the memorandum and order clearly indicated that the door was left open for intervenor to attempt to establish (through its interrogatories or otherwise) that the Mexican Government materials had been disclosed to plaintiff; and if such fact were established, intervenor would then have the opportunity to take appropriate action.

■ Both the plaintiff and the defendants object to intervenor's interrogatories on the ground that the information sought is irrelevant to the Government's claim of state secrets privilege. Their objections are untenable. If from the answers to intervenor's interrogatories it is established that plaintiff has had access to the Mexican Government materials or has provided input into such materials, then the issue

would arise as to whether a "subterfuge has taken place here" by the "channeling of [business confidential] information through a foreign government", as asserted by intervenor. In this connection, the Court of Appeals commented in *Carlisle Tire & Rubber Co. v. United States Customs Service*, 663 F.2d 210, 219, n. 63 (D.C.Cir.1980):

> Carlisle argues, not unconvincingly, that foreign companies should not be able to convert their ordinary business information, for which they may request business confidential treatment under Exemption 4 [of the FOIA], into information entitled to national security confidential treatment under Exemption 1 merely by channeling that information through a foreign government. We cannot deny the possibility that cases may arise in which this is a legitimate concern. Carlisle did not present to the trial court, however, nor does it present to us on appeal, any prima facie proof that such subterfuge has taken place here. In the absence of such evidence, we cannot find that the district judge erred in granting summary judgment for Customs on Exemption 1 grounds.

What is more, here the information sought by intervenor is relevant to whether "equity and fundamental fairness" require making the "confidential" materials equally available to intervenor. *Cf. Nakajima All Co., Ltd. v. United States, Smith-Corona Group, Consumer Products Division, SCM Corporation, Intervenor*, 3 CIT ——, Slip Op. 82–19 (March 12, 1982).

Accordingly, in light of intervenor's claims respecting the disclosure of the Mexican Government materials to plaintiff, the interrogatories propounded by intervenor to plaintiff are plainly relevant.

We now turn to defendants' contention that discovery in this case is improper because judicial review is confined to the administrative record.

■ First, there can be no doubt that the review of ITA's *final countervailing duty order* must proceed on the basis of the administrative record. See 19 U.S.C. § 1516a(b)(2)(A); S.Rep. No. 96–249, 96th

Cong., 1st Sess. 251–252 (1979), U.S. Code Cong. & Admin.News 1979, p. 381; H.Rep. No. 96–317, 96th Cong., 1st Sess. 181 (1979). But I do not agree with defendants' argument that discovery is barred respecting defendants' claim of *state secrets privilege.*

■ In this case, the discovery sought by intervenor into plaintiff's access or input to the Mexican materials was specifically in response to defendants' claim of state secrets privilege. This is a matter for *de novo* consideration pursuant to the discretion lodged in the Court of International Trade to order disclosure of confidential documents provided to the United States by a foreign government. 28 U.S.C. § 2641(b).

Defendants rely on three cases for the proposition that discovery procedures are barred in an action, such as the present, where review is on the administrative record. However, defendants' reliance on these cases is misplaced here.

Thus, in *Atlantic Sugar Ltd. v. United States*, 85 Cust.Ct. 131, C.R.D. 80–16 (1980), an action under 19 U.S.C. § 1516a(a)(2) for judicial review of an administrative injury determination in an antidumping investigation, Judge Watson granted the Government's motion for a protective order relieving it of answering plaintiffs' interrogatories where such interrogatories were "really an attempt to force the defendant to clarify and justify the administrative determination."

In *Nakajima All Co., Ltd. v. United States*, 1 CIT ——, Slip Op. 81–63 (July 9, 1981), plaintiff moved to amend and supplement the administrative record by adding two new documents which came to the attention of plaintiff's counsel after the action, brought under 19 U.S.C. § 1516a, had been commenced. This Court denied plaintiff's motion on the ground that accepting the new documents as part of the record would be contrary to the statutory requirement that determinations in antidumping duty proceedings are to be reviewed on the administrative record.

And in *Melamine Chemicals, Inc. v. United States*, 1 CIT ——, Slip Op. 81–86 (Sep-

tember 29, 1981), plaintiff sought judicial review of a final negative less than fair value determination by the Department of Commerce pursuant to 19 U.S.C. 1516a(a)(2)(B), and plaintiff moved to supplement the record before Commerce with the International Trade Commission ("ITC") record on the Commission's injury investigation. Judge Landis denied plaintiff's motion to supplement the record before Commerce on the ground that the record made before the ITC was not part of the record in the less than fair value determination.

Obviously, then, the decisions relied upon by defendants are factually quite different from the circumstances here, and hence the cited cases are distinguishable from the instant controversy, where discovery is being utilized solely to refute the basis for defendants' claim of state secrets privilege.

In sum, the limited discovery sought by intervenor in response to defendants' claim of privilege is permissible, notwithstanding that the review of the countervailing duty order is on the administrative record.

For the foregoing reasons, plaintiff's motion for a protective order is denied.

Plaintiff is directed to answer intervenor's First Set of Interrogatories within ten days of entry of this order.